1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

DAVESHA COOK,

                    Plaintiff,

        v.

WASHINGTON STATE
INSURANCE COMMISSIONER, et
al.,

                    Defendants.

CASE NO. 3:17-cv-5793-JRC

ORDER TO SHOW CAUSE OR
AMEND

17

18

19

20

21

22

23

24

Plaintiff, DAVESHA COOK, filed a motion to proceed *in forma pauperis*, along

with a proposed complaint and a proposed motion for court appointed counsel, currently

before this Court.

However, having reviewed and screened plaintiff's complaint under 28 U.S.C. §

1915(e), the Court declines to consider plaintiff's motion to proceed *in forma pauperis* or

for court appointed counsel at this time as plaintiff's proposed complaint for unlawful

arrest does not state a claim on which relief may be granted. *See* Dkt. 1-1; *see also* 28

1  U.S.C. § 1915(e)(2)(B)(ii). The Court provides plaintiff leave to file an amended pleading

2  by December 1, 2017, to cure the deficiencies identified herein.

3  **LEGAL STANDARD**

4  A district court may permit indigent litigants to proceed *in forma pauperis* upon

5  completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has

6  broad discretion in resolving the application, but "the privilege of proceeding *in forma*

7  *pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*,

8  314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court

9  should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face

10 of the proposed complaint that the action is frivolous or without merit." *Tripati v. First*

11 *Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28

12 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no

13 arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th

14 Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

15 A *pro se* plaintiff's complaint is to be construed liberally, but like any other

16 complaint it must nevertheless contain factual assertions sufficient to support a facially

17 plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173

18 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct.

19 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff

20 pleads factual content that allows the court to draw the reasonable inference that the

21 defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff's complaint fails to meet this standard. *See id*. In her complaint (*see* Dkt. 1-1), plaintiff attempts to bring a claim for "unlawful arrest" (*see* Dkt. 1, p. 1). However, plaintiff has failed to allege that any defendant took any specific action against her.

For example, plaintiff alleges that in August, 2016, a "Tacoma police report was written… accusing the plaintiff of multiple counts of identity theft, theft and forgery." Dkt. 1-1, p. 1. Plaintiff uses passive tense and does not identify anyone who allegedly wrote the police report. *See id*. In the next sentence, plaintiff indicates that this "police report was allegedly 'investigated' and sworn to under the penalty of perjury by Pierce County prosecutor (Lisa Wegner)." *Id.* at 2. Plaintiff appears to be referring to the declaration for determination of probable cause, which plaintiff attached to her complaint, in which Lisa Wegner makes numerous declarations under penalty of perjury. *See id*. at 7-10.

Similarly, plaintiff alleges that a "Tacoma Police Department Detective was given information through the insurance commissioner that ultimately implicated plaintiff falsely…" *Id.* at 2. Again, plaintiff uses passive tense and again no actions are alleged by any particular defendant. *See id*. Plaintiff also alleges that "Tacoma Police Department Detective Tim Whitesitt, [an] insurance commissioner, and Tacoma prosecutor Lisa Wegner collaborated and conspired to implicate, indict, arrest, formally charge, and ultimately incarcerate plaintiff under [a] fabricated police report [] using manufactured probable cause to initiate a criminal judicial process in violation of the Fourth Amendment." *Id*. at p. 2. This conclusory allegation is insufficient.

Plaintiff admits that "ultimately, all charges were dropped against plaintiff, but only after severe mental, emotional and psychological damage had been done as a result of false, misleading, manufactured probable cause had been created…." *Id*. at p. 3, ¶ 8. Although plaintiff appears to attempt to allege that some of the named defendants made "a false statement [] [] knowing and intentionally," and appears to attempt to allege that the defendants "acted in concert… [to] blatantly submit falsities," plaintiff does not specifically identify any particular falsity, and does not identify any particular defendant who allegedly made any particular falsity. *See id.* at p. 4, ¶¶ 10, 11.

In contrast, an examination of the declaration for determination of probable cause attached to plaintiff's complaint indicates the scenario that likely occurred.

The declaration by Lisa Wegner contains the conclusion that "David Arnold Cook and Davesha W. Cook [plaintiff], did each commit multiple counts of identity theft, theft and forgery." *Id*. at p. 7. This conclusion in the declaration is made on the basis of the following declared facts put forth in the declaration:

> In August, 2016, Tacoma Police Department (TPD) Detective met with Tim Whitesitt, a fraud investigator with Bank of America, regarding fraudulent activity on the accounts of several Bank of America customers.… DAVID ARNOLD COOK was seen on surveillance video in several of the fraud related incidents, and he often was accompanied by different females, one of whom was later identified as his daughter, DAVESHA COOK.

Dkt. 1-1, p. 7.

The declaration also includes the indication that "on July 5, 2016, David Cook and Davesha Cook entered the Kent branch of B of A and attempted to withdraw funds from the joint account of [fraud victims]. Davesha Cook presented herself as [fraud victim],

1  but she did not have proper identification, and David Cook did all the talking, making the

2  transition appear 'sketchy,' so the transaction was denied." *Id.* at p. 8. Near the end of

3  of the declaration, Lisa Wegner declares that on "August 9, 2016, detectives with Tacoma

4  Police and the Pierce County Sheriff's Department interviewed defendant David Cook

5  when he was in the Pierce County jail on other charges." *Id.* at p. 10. The declaration also

6  indicates the following:

> [David] Cook was shown pictures taken from the surveillance footage
> from the different incidents referenced above. Defendant [David] Cook
> admitted he was the person shown in the 7/[5]/16 surveillance footage
> taken at the Kent branch of Bank of America. He also confirmed that the
> female with him during that incident was his daughter, Davesha Cook.
> Referencing the fraud incidents, defendant David Cook… also said that
> his daughter wanted to do something else to get money, but this was all
> his idea.

*Id.*

Plaintiff's complaint along with the attached documents appear to contain

allegations that she was subjected to unlawful arrest based on the actions of the insurance

commissioner, Police Department, and the Pierce County prosecutor. However, the only

apparent alleged fact in support of any of this is the allegation that the statements

supporting the alleged unlawful arrest were false. However, it also appears from the

attached documents that the alleged false statement leading to the arrest actually was

made by someone who appears to be plaintiff's father, David Cook.  *See id.* David Cook

apparently "admitted he was the person shown in the 7/[5]/16 surveillance footage taken

at the Kent branch of Bank of America," and also is the one who "confirmed that the

female with him during that incident was his daughter, Davesha Cook." Dkt. 1-1, p. 10.

David Cook, who appears to be plaintiff's father, is not a named defendant in plaintiff's complaint. There are no factual allegations in plaintiff's complaint to support any claim regarding an alleged unlawful arrest other than the allegedly false allegation that plaintiff was the individual involved in the illegal events, an allegation apparently made by David Cook. Therefore, plaintiff does not appear to have stated a claim against any of the named defendants.

## CONCLUSION

Due to the deficiencies described above, the Court will not rule on plaintiff's motion to proceed *in forma pauperis* or for court appointed counsel and will not serve plaintiff's complaint at this time. If plaintiff intends to pursue this proposed action in this Court, she must file an amended complaint curing the deficiencies noted herein or she must show cause and inform the Court how her proposed complaint sufficiently states a cause of action upon which relief may be granted.

Any amended complaint or proposed amended complaint should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,*693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

1    If plaintiff fails to file an amended complaint or fails to adequately address the

2  issues raised herein on or before **December 1, 2017** the undersigned will recommend

3  dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

4    The Clerk is directed to send copies of this order and Pro Se Instruction Sheet to

5  plaintiff, and to note this matter for **December 1, 2017**.

6

7

    Dated this 8th day of November, 2017.

8

9

10                                        J. Richard Creatura
                                          United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24